UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
FRANCISCO RODRIGUEZ, individually and on behalf of all others similarly situated,

                                    Plaintiff,

         -against-

B R RESTAURANT CORP. d/b/a BRUNO RISTORANTE, NICHOLAS CRISCI, and BRUNO RINALDI,

                                    Defendants.
---------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Francisco Rodriguez ("Plaintiff"), individually and on behalf of all others similarly situated, complaining of the defendants, B R Restaurant Corp. ("Bruno Ristorante"), Nicholas Crisci ("Crisci"), and Bruno Rinaldi ("Rinaldi") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. Defendant Bruno Ristorante is a domestic corporation with its principal place of business located at 158-22 Cross Bay Boulevard, Howard Beach, New York 11414.

7. Bruno Ristorante is a restaurant that serves Italian cuisine.

8. Defendant Crisci is an individual residing, upon information and belief, in the State of New York.

9. Defendant Rinaldi is an individual residing, upon information and belief, in the State of New York.

10. At all relevant times, Crisci and Rinaldi were and remain shareholders, officers, directors, managers, and/or persons in control of Bruno Ristorante who exercise significant control over the company's operations and have the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

11. At all relevant times, Crisci and Rinaldi were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

12. At all relevant times, Crisci and Rinaldi had the power to discipline and terminate Plaintiff.

13. At all relevant times, Crisci and Rinaldi were responsible for compensating Plaintiff.

14. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

15. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

16. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

17. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

18. Defendants operate in interstate commerce.

19. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

20. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

21. The FLSA Collective Plaintiffs consist of no less than twenty (20) similarly situated employees employed by Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

22. As part of their regular business practices, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing

to pay employees at the applicable overtime rates for all time worked in excess of forty (40) hours per week.

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

24. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

25. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

26. Plaintiff worked for Defendants as a busser from in or around January 2016 until in or around September 2021.

27. As a busser, Plaintiff's primary job duties included assisting waiters with customers, replenishing drinks, cleaning, and preparing tables for customers.

28. From the beginning of his employment until in or around March 2020, Plaintiff regularly worked Mondays from approximately 4:00 p.m. to 11:00 p.m. and Wednesdays and Fridays through Sundays from approximately 11:00 a.m. until 11:00 p.m., for a total of approximately fifty-five (55) hours worked per week.

29. From in or around April 2020 until in or around December 2020, and then again from in or around February 2021 until the end of Plaintiff's employment, Plaintiff regularly

4

worked Mondays, Wednesdays, and Fridays through Sundays from approximately 11:00 a.m. until 11:00 p.m. for a total of approximately sixty (60) hours per week.

30. Bruno Ristorante was closed for approximately one (1) month in or around January 2021.

31. Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record his time.

32. Plaintiff was typically not afforded meal or rest breaks that lasted more than twenty (20) minutes during his shifts.

33. Throughout his employment, Plaintiff was paid a fixed daily rate, in cash, for all hours worked.

34. Defendants paid Plaintiff $60.00 per day from the start of his employment until in or around March 2021 and $70.00 per day from in or around April 2021 until the end of his employment.

35. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL and was entitled to receive overtime compensation for all hours worked in excess of forty (40) per week.

36. However, Plaintiff was not paid overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for the hours he worked in excess of forty (40) per week.

37. Additionally, based on Plaintiff's compensation and hours worked per week, Plaintiff's regular hourly rate of pay routinely fell below the applicable New York state minimum wage rate.

38. Plaintiff also frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay equal to one (1) additional hour's pay at the full minimum wage rate for every day in which his shift exceeded ten hours.

39. As a busser, Plaintiff was entitled to receive and did receive tips from customers of the restaurant in addition to his wages.

40. However, from in or around June 2020 until in or around December 2020, Defendants gave a portion of all tips, including those owed to Plaintiff, to managers of the restaurant.

41. Defendants misappropriated a portion of Plaintiff's tips by providing them to managers who were not eligible to receive tips from Defendants' customers.

42. Furthermore, Defendants did not maintain records of the tips paid to Plaintiff during his employment, and therefore may not avail themselves of any tip credit that would otherwise be available under the applicable statutes and regulations.

43. Defendants also failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rate of pay, the designated payday, or other information required by NYLL § 195(1).

44. In addition, Plaintiff did not receive, with each wage payment, statements listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

45. Defendants violated federal and state law by willfully failing to pay Plaintiff all minimum, overtime, and spread of hours wages owed to him; by misappropriating Plaintiff's tips; and by failing to provide Plaintiff with the required wage statements and payroll notices in violation of NYLL §§ 195(1) and (3).

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations Under the FLSA)*

46. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

47. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to receive overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

48. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

49. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the statutory minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

50. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

51. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

52. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid

overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations Under the NYLL)*

53. Plaintiff repeats and realleges all prior allegations set forth above.

54. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

55. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

56. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

57. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

58. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

59. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Minimum Wages Violations under the NYLL)*

60. Plaintiff repeats and realleges all prior allegations set forth above.

61. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

62. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wage for the hours he worked.

63. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

64. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

65. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Misappropriation of Tips)*

66. Plaintiff repeats and realleges all prior allegations.

67. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

68. NYLL § 196-d prohibits any employer or its agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

69. Defendants unlawfully retained a portion of Plaintiff's tips.

70. Defendants' knowing and intentional retention of a portion of Plaintiff's tips were willful violations of the NYLL and the supporting Department of Labor Regulations.

71. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of his unlawfully misappropriated tips, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Timely Pay Wages Under the NYLL)*

72. Plaintiff repeats and realleges all prior allegations.

73. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

74. Throughout the relevant time period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

75. Throughout the relevant time period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

76. Throughout the relevant time period, Defendants failed to pay Plaintiff all overtime wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

77. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

78. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

79. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Provide Payroll Notices Under the NYLL)*

80. Plaintiff repeats and realleges all prior allegations.

81. Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, notices containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

82. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

83. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Provide Wage Statements Under the NYLL)*

84. Plaintiff repeats and realleges all prior allegations.

85. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof;

the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

86. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

87. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all misappropriated tips due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court; and

e) on the Fifth Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

    f) on the Sixth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

    g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

    h) Interest;

    i) Costs and disbursements; and

    j) Such other and further relief as the Court deems just and proper

Dated: New York, New York
February 10, 2022

                                                   */s/ Adam Sackowitz*____
                                                   Adam Sackowitz
                                                   Katz Melinger PLLC
                                                   370 Lexington Avenue, Suite 1512
                                                   New York, New York 10017
                                                   T: (212) 460-0047
                                                   F: (212) 428-6811
                                                   ajsackowitz@katzmelinger.com
                                                   *Attorneys for Plaintiff*