## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **FRANCISCO RODRIGUEZ** (hereinafter referred to as "Rodriguez") and **B R RESTAURANT CORP. d/b/a BRUNO RISTORANTE, NICHOLAS CRISCI, and BRUNO RINALDI** (collectively hereinafter referred to as "Defendants"), regarding Rodriguez's employment with Defendants and the settlement of any and all wage-related claims that Rodriguez has or may have against Defendants.

**WHEREAS**, Rodriguez has commenced an action against Defendants in the Eastern District of New York, United States District Court, entitled *Rodriguez v. B R. Restaurant Corp. et al.* Case No. 22-cv-00771 (BMC) alleging, *inter alia*, wage and hour violations under the Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (hereinafter the "Action");

**WHEREAS**, Defendants deny that they failed to pay Rodriguez all wages owed to him and/or violated any wage-related recordkeeping provisions;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Rodriguez and specifically deny all claims alleged in the Action;

**WHEREAS**, Defendants have asserted that Rodriguez engaged in conduct during his employment that gives rise to a claim for, *inter alia*, violation of the faithless servant doctrine;

**WHEREAS**, Rodriguez does not admit any violation of law or any liability to Defendants and specifically denies all claims alleged by Defendants;

**WHEREAS**, Rodriguez and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth; and

**NOW, THEREFORE,** in consideration of the mutual promises and settlement terms contained in this Agreement, Defendants and Rodriguez, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Rodriguez's Commitments.** In exchange for the promises set forth within this Agreement, Rodriguez agrees to execute all documents that may be needed to settle, release and waive with prejudice, all claims asserted in the Action or that could have been asserted in the Action, including a stipulation of dismissal with prejudice in the form attached hereto as Exhibit A and a motion for settlement approval.

2. **Mutual Release**

    a. Release of Claims Against Defendants. Rodriguez, on behalf of himself and each of his successors, assigns, heirs, executors, and administrators, knowingly and voluntarily releases and forever discharges Defendants, and any present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors, owners,

shareholders, partners, investors and agents thereof, in both their individual and corporate capacities, and any otherwise related persons or entities, of and from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity, including, but not limited to, claims which Rodriguez, his heirs, executors, administrators, successors, and assigns ever had, now have, or hereafter can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the day of the date of this Agreement. Claims released include, but are not limited to those contained in the Action and any alleged violation of:

- The Age Discrimination in Employment Act of 1967;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- Title VII of the Civil Rights Act of 1964;
- The Employee Retirement Income Security Act of 1974;
- The Sarbanes-Oxley Act of 2002;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The National Labor Relations Act;
- The Equal Pay Act;
- The Workers Adjustment and Retraining Notification Act;
- The Occupational Safety and Health Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act of 1993;
- The False Claims Act;
- The Fair Labor Standards Act;
- The New York Correction Law, including Sections 750-755 thereof;
- The New York State Executive Law (including its Human Rights Law);
- The New York City Human Rights Law;

- The New York State Labor Law;

- The New York False Claims Act;

- The New York wage, wage-payment, wage theft and wage-hour laws and related regulations;

- Any local or county law, rule or requirement of any kind;

- Any other federal, state or local human rights, discrimination, retaliation, civil rights, benefits, pension, whistleblower, labor, *qui tam* or any other federal, state or local constitution, law, rule, regulation, or ordinance of any kind;

- Any benefit, payroll or other plan, policy or program;

- Any public policy, contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;

- Any amendments to the foregoing laws; and;

- Any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

This paragraph does not prohibit Rodriguez from filing an administrative complaint with a government agency or cooperating with an investigation by a government agency; however, Rodriguez waives the right to benefit monetarily as a result of any such complaint or investigation.

    b. <u>Release of Claims Against Plaintiff</u>. Defendants, on behalf of themselves and any present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors, owners, shareholders, partners, investors and agents thereof, in both their individual and corporate capacities, and any otherwise related persons or entities, hereby knowingly and voluntarily release and forever discharge, to the maximum extent permitted by law, Rodriguez and each of his successors, assigns, heirs, executors, and administrators of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), executions, claims and demands whatsoever at law or in equity ("claims"), which Defendants ever had, now have, or which Defendants hereafter can, shall or may have for, upon or by any reason of any matter, cause or thing whatsoever without limitation against Plaintiff, including any claims arising out of Plaintiff's employment by Defendants, his separation therefrom, and/or the negotiation and/or execution of this Agreement, all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement, and all claims that are, and could have been, asserted by Defendants against Plaintiff for violation of the faithless servant doctrine.

    c. Notwithstanding the foregoing, the parties do not hereby release any rights to pursue enforcement of the terms of this Agreement.

    d. <u>Collective/Class Action Waiver</u>. Rodriguez waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on any wage-related claim in which Defendants are a party. In the event any class or collective action for wage-related claims is brought against Defendants, which includes or may include Rodriguez, upon learning of Rodriguez's inclusion, Rodriguez shall immediately withdraw therefrom without obtaining or accepting any relief or recovery.

    e. Rodriguez acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

3. **Monetary Consideration.**

In exchange for the promises made herein by Rodriguez, Defendants agree to the following economic terms:

    a. Defendants shall pay Rodriguez the gross sum of forty-five thousand dollars ($45,000.00), inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

        i. Twenty-thousand dollars ($20,000.00) payable no later than fourteen (14) days after the Court approves Plaintiff's Motion for Settlement Approval and so orders the stipulation of dismissal, allocated as follows:

            1. One check in the amount of $9,753.00, payable to Rodriguez, less applicable payroll deductions and withholdings, for which a Form W-2 shall be issued, as and for alleged unpaid wages.

            2. One check in the amount of $3,086.33, payable to Rodriguez, for which a Form 1099 shall be issued, as and for alleged liquidated damages.

            3. One check in the amount of $7,160.67, payable to Katz Melinger PLLC, for which a Form 1099 shall be issued, as and for attorneys' fees and costs.

        ii. Fifteen-thousand dollars ($15,000.00) payable no later than forty-five (45) days after the Court approves Plaintiff's Motion for Settlement Approval and so orders the stipulation of dismissal, allocated as follows:

        1. One check in the amount of $10,000.00, payable to Rodriguez, for which a Form 1099 shall be issued, as and for alleged liquidated damages.

        2. One check in the amount of $5,000, payable to Katz Melinger PLLC, for which a Form 1099 shall be issued, as and for attorneys' fees and costs.

    iii. Ten-thousand dollars ($10,000.00) payable no later than seventy-five (75) days after the Court approves Plaintiff's Motion for Settlement Approval and so orders the stipulation of dismissal, allocated as follows:

        1. One check in the amount of $8,160.67, payable to Rodriguez, for which a Form 1099 shall be issued, as and for alleged liquidated damages.

        2. One check in the amount of $1,839.33, payable to Katz Melinger PLLC, for which a Form 1099 shall be issued, as and for attorneys' fees and costs.

b. Rodriguez shall receive from Defendants, and Defendants shall file with the Internal Revenue Service, a Form W-2 and Form 1099 reflecting payment to Rodriguez of that portion of the Settlement Funds designated to Rodriguez which was received by him in the prior calendar year. Rodriguez shall be responsible to pay all Federal, State and local taxes, if any, in connection with that 1099 portion of the Settlement Funds which was received by him. Rodriguez's counsel shall provide to Defendants' counsel a current address for Rodriguez for purposes of mailing IRS Form W-2 and Form 1099 as described above, along with IRS Form W-4, executed by Rodriguez. If Rodriguez does not provide a social security number or TIN number along with an IRS Form W-4, Defendants shall make automatic back-up withholdings for the portion of the Settlement Funds paid to Rodriguez.

c. The Settlement Funds shall be sent to Katz Melinger PLLC, 370 Lexington Avenue, Suite 1512, New York, NY 10017.

d. Defendants shall issue a Form 1099 to Katz Melinger PLLC for the portion of the Settlement Funds payable as attorneys' fees and costs.

4. **Default; Right to Cure.** In the event Defendants fail to timely pay any portion of the Settlement Funds pursuant to Paragraph 3 of this Agreement ("Default"), Rodriguez shall provide written notice of such Default ("Notice of Default") to Defendants via certified mail and email sent to Matthew A. Brown, Esq. and Richard I. Milman, Esq. of Milman Labuda Law Group PLLC (matt@mllaborlaw.com; rich@mllaborlaw.com), 3000 Marcus Ave., Suite 3W8, Lake Success, NY 11042. Receipt of a Notice of Default by counsel for Defendants by either email or certified mail shall constitute receipt of such notice by Defendants. Should Defendants fail to cure any

Default within ten (10) calendar days of their receipt of any Notice of Default, then Rodriguez shall be entitled to immediately commence suit against Defendants for breach of this Agreement and shall be entitled to recover from Defendants, in addition to any unpaid portion of the Settlement Funds, liquidated damages in the amount of twenty thousand dollars ($20,000.00) and all costs and attorneys' fees incurred as a result of Defendants' breach of this Agreement.

5. **No Other Entitlement.** Plaintiff affirms that, upon payment of the Settlement Funds, he: (i) has been paid and has received all compensation, wages, bonuses, commissions, benefits and/or other monies to which he was entitled from Defendants and that no leave (paid or unpaid), compensation, wages, or benefits are due to him from Released Parties; (ii) has been paid in full for all hours worked; and (iii) is not entitled to any monies, relief or recovery whatsoever, except as specifically set forth in this Agreement.

6. **Settlement of Claims.** Except as otherwise stated, upon execution of this Agreement, all claims asserted or that could have been asserted by either party against the other party, including, but not limited to Rodriguez' claims for wages, liquidated damages, statutory penalties and attorneys' fees and without admission that Rodriguez has established that any such claims have any merit or that Rodriguez has incurred any damages, shall be deemed settled, satisfied and resolved.

7. **Non-Admission.** Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements asserted in the Action, correspondence or any other documents whatsoever by or on behalf of Rodriguez against Defendants. This Agreement does not constitute an admission that Defendants have violated any law, statute or regulation or committed any wrongdoing whatsoever and Rodriguez expressly acknowledges that Defendants continue to deny any wrongdoing arising out of the Action. Similarly, Rodriguez denies each and every allegation of wrongdoing, including, but not limited to, Defendants' allegation that Plaintiff violated the faithless servant doctrine during his employment with Defendants.

8. **Severability and Modification**. If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the court, administrative agency or other entity has the full authority to interpret or modify all such provisions to be enforceable and is directed to do so. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

9. **Stipulations of Dismissal**. Following the parties' execution of this Agreement, Plaintiff shall submit this Agreement for approval in accordance with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015) to the Court in the Action along with the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A".

10. **Resolution of Disputes.**   Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge holding a bench trial, to ensure rapid adjudication of any such claims and proper application of existing law.

11. **Reemployment.**  Plaintiff hereby waives any and all rights to employment, reinstatement or reemployment with Defendants nor will he seek or apply for any such employment either directly or indirectly through an employment agency, temporary agency, or third party.

12. **Non-Disparagement.**

a.    The parties agree that they shall not directly or indirectly, at any time, make any statement (whether written, oral, electronic) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to the other party.  "Disparaging" is defined as any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of either party in the eyes of an ordinary and reasonable person in the community. The parties are, however, permitted to make truthful statements to third-parties, including governmental agencies, about their employment relationship and litigating the Action. This Agreement will not preclude the parties from making any good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding. This includes being permitted to cooperate with any governmental investigation and provide testimony in support of any investigation or case, and telling non-governmental entities about what claims have been asserted, the underlying allegations, what transpired during the Action and the result of the Action.

b.    To the extent Plaintiff seeks any letter of reference from Defendants, Defendants shall issue a neutral reference letter identifying only Plaintiff's position and dates of employment.

13. **Covenant Not to Sue.** Rodriguez shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against Defendants arising out of or relating to any allegation or claim (whether Rodriguez's or any other person's) concerning Rodriguez's employment with Defendants or any of their parents, subsidiaries or affiliates, unless directed by court order or subpoena.  Rodriguez expressly agrees that if he breaches this section, and fails to cure said breach within ten (10) days of receiving notice of breach from Defendants: Rodriguez (1) will be responsible for any attorneys' fees incurred by Defendants as a result of said breach; and (2) shall immediately pay back to Defendants all monies paid to him pursuant to this Agreement, only in the event that a Court of competent jurisdiction first determines that a breach of the Agreement has occurred by the Rodriguez.

14. **No Waiver**.  Failure to insist on compliance with any term or condition contained in this Agreement shall not be deemed a waiver of that term or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

15. **Entire Agreement.**

a.    This Agreement represents the complete understanding among the parties with respect to the settlement of all wage-related claims that Rodriguez has or may assert against Defendants and shall be interpreted under New York law, without regard to its conflict or choice

of laws provisions. This Agreement was negotiated among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

  b. This Agreement represents the entire agreement between Rodriguez and Defendants with respect to Rodriguez's employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

15. **Competence to Waive Claims.** Rodriguez is competent to affect a knowing and voluntary release of all claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Rodriguez is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to Rodriguez.

16. **Effective Date.** This Agreement and Release shall become effective immediately upon execution.

17. **Execution.**

  a. The meaning, effect and terms of this Agreement have been fully explained to Rodriguez by his counsel. Rodriguez fully understands that this Agreement releases, settles, bars and waives any and all wage-related claims that he could possibly have against Defendants pursuant to the FLSA and NYLL.

  b. This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed electronic copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**[SIGNATURES ON THE FOLLOWING PAGE]**

**PLAINTIFF:**

_____/s/_____
FRANCISCO RODRIGUEZ

Date: April, 13, 2022

**DEFENDANTS:**

_____
B R. RESTAURANT CORP. d/b/a
BRUNO RISTORANTE

Date:_____

_____
NICHOLAS CRISCI

Date:_____

_____
BRUNO RINALDI

Date:_____

**PLAINTIFF:**

_____
FRANCISCO RODRIGUEZ

Date:_____

**DEFENDANTS:**

*/s/*
B R. RESTAURANT CORP. d/b/a
BRUNO RISTORANTE

Date: 4/13/22

*/s/ Nicholas Crisci*
NICHOLAS CRISCI

Date: 4/13/22

*/s/*
BRUNO RINALDI

Date: 4/13/22

9